**STATE of Minnesota, Respondent,**

v.

**Donald ROSSBACH, Jr., Appellant.**

No. 48288.

Supreme Court of Minnesota.

Jan. 25, 1980.

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and John H. Daniels, Jr., Special Asst. Atty. Gen., St. Paul, Aurel K. Ekvall, County Atty., and James R. Wilson, Asst. County Atty., Bagley, for respondent.

SHERAN, Chief Justice.

Petitioner was tried in district court on charges of attempted second-degree murder, aggravated assault and aggravated criminal damage to property. *See* Minn. Stat. §§ 609.17, 609.19, 609.225, subd. 2, 609.595, subd. 1 (1978). The jury acquitted him of the attempted murder charge but found him guilty of the other two charges. The presiding judge fined petitioner and sentenced him to a term of five years for the aggravated assault charge. *See* Minn. Stat. § 609.035 (1978). On this appeal from the order denying postconviction relief, petitioner seeks an outright reversal asserting that because the offense occurred on Indian land, Minnesota did not have jurisdiction, and that pretrial delay violated his right to a speedy trial. Alternatively, petitioner seeks a new trial on grounds that his attorneys did not represent him effectively and that the trial court committed prejudicial error in denying him a pretrial continuance. We affirm.

This prosecution arose from an incident in which petitioner, standing inside the border of the Red Lake Indian Reservation, fired a number of shots with a high powered rifle across the boundary line into Clearwater County at a deputy sheriff who had just arrested an acquaintance of petitioner in Clearwater County on a felony warrant. At common law, the general rule was that a defendant could be tried in the jurisdiction where the shots took effect. W. LaFave & A. Scott, *Criminal Law* § 17 (1972). The legislature has also expressed its intent in this regard. Minn.Stat. § 609.-025 provides:

A person may be convicted and sentenced under the law of this state if:

(1) He commits an offense in whole or in part within this state; or

(2) Being without the state, he causes, aids or abets another to commit a crime within the state; or

(3) Being without the state, he intentionally causes a result within the state prohibited by the criminal laws of this state.

It is not a defense that the defendant's conduct is also a criminal offense under the laws of another state or of the United States or of another country.

While this statute affords the state jurisdiction somewhat broader than at common law, *see* W. LaFave & A. Scott, *Criminal Law* § 17 at 122–25; *State v. McCormick*, 273 N.W.2d 624 (Minn.1978) (exercise of jurisdiction over a completely extraterritorial fact situation involving conduct occurring entirely outside of Minnesota held unconstitutional) the result mandated by statute in this case coincides with the common law rule. Because the situs of the crime occurred within Minnesota, the state has jurisdiction. Petitioner does not cite persuasive authority for his contention that the

federal government has jurisdiction to the exclusion of the state. *See* 42 C.J.S. Indians § 79(b)(2) (1944). For these reasons, we decline to reverse petitioner's conviction for lack of jurisdiction.

■ On appeal, petitioner also contends that postaccusation delay denied him a speedy trial. Whether the postaccusation delay in bringing petitioner to trial violated the speedy trial clause requires an analysis of the facts relative to the pronouncements of the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The following factors are identified in *Barker*: (i) length of delay; (ii) reason for delay; (iii) petitioner's assertion of his right; and (iv) prejudice to petitioner.

Here, petitioner was responsible for much of nearly five of the seven month delay. At the end of the fifth month, petitioner demanded a speedy trial pursuant to Minn. R.Crim.P. 11.10. At this point the trial court on its own motion set petitioner's trial date for August 9, 1977, a few days beyond the sixty-day time limit provided for by the rule, attributing the delay to a crowded court calendar. Observing that "[p]ossibly the trial judge should in instances such as this request assistance of another judge thereby preserving the integrity of the 60-day rule," the post-conviction court nevertheless concluded, and we believe correctly, that the delays involved in this case did not deprive petitioner of a speedy trial.

■ Petitioner also seeks a new trial on the grounds that his counsel failed to represent him adequately and that the trial court committed prejudicial error in denying him a pretrial continuance. Petitioner has failed to prove ineffective assistance, *see White v. State*, 309 Minn. 476, 248 N.W.2d 281 (1976), and has failed to demonstrate that the trial court either erred in denying a continuance or that the error was prejudicial. Although it appears that a deputy sheriff stated in answering a question by defense counsel that he knew petitioner "from a prior that we had on him," possibly suggesting to the jury that petitioner had a criminal record, the trial court

warned the prosecutor to take steps to prevent a reoccurrence. Since the jury acquitted petitioner of the most serious of the charges against him and because the evidence supporting the charges under which he was ultimately convicted was very strong, petitioner was not prejudiced by this testimony. For these reasons we find petitioner's contentions without merit.

Affirmed.