**STATE of Minnesota, Respondent,**

v.

**William GIVENS, Appellant.**

**No. C4-84-60.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Review Denied Jan. 2, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Renee J. Bergeron, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant William Givens was convicted by a jury of aggravated robbery in violation of Minn.Stat. § 609.245 (1982).

On appeal he contends the following warrant reversal or a new trial: (1) denial of speedy trial; (2) unduly suggestive pretrial identification evidence; (3) insufficient evidence; (4) erroneous admission of evidence of fleeing; and (5) erroneous ruling allowing use of prior convictions as impeachment. We affirm.

## FACTS

On June 18, 1982, Christopher Ralston was working as the night clerk at the Voyageur Inn Motel in Minneapolis. He was working alone in the lobby behind the registration desk when a man entered and approached the desk. After some conversation, the man pulled up his shirt, took a gun out of his pants and pointed it at Ralston saying "Give me the money!" Ralston testified the gun was a dark blue handgun with a six inch barrel and was pointed at his chest about 20 inches away. Ralston opened the cash register and gave the man the money. The man escaped in a car.

Ralston called the police and described the man as a large man, six feet two inches or six foot three inches, 240 to 250 pounds, approximately 40 to 45 years old, with touches of gray in his hair and a bald spot on the top of his head. He was wearing a gray sweatshirt torn off at the sleeves and blue jeans. About $175 was taken from the register.

About three days later, Ralston was shown some photographs by the police. He picked out appellant's picture. He gave another written description of the robber, which was substantially identical to his earlier description.

Later that day police went to appellant's home. While they were talking with a woman who met them at the door, appellant left out the back door, ran through a field and got in a car. The police stopped the car and appellant was arrested.

On June 22, 1982, Givens was charged with aggravated robbery. He was released on bail. Appellant was then arrested and detained by federal authorities for a July 12, 1982 bank robbery. On August 6, 1982, Givens was charged in Hennepin County with aggravated robbery and burglary for a crime which occurred July 24, 1982. A bench warrant was issued after appellant failed to appear on the Voyageur Inn charge. Appellant was subsequently convicted of bank robbery on September 16, 1982 and began to serve a 20 year sentence in a federal penitentiary.

On March 14, 1983, the Hennepin County Attorney's Office filed a request for temporary custody for purposes of bringing appellant to trial on two counts of aggravated robbery and one count of burglary. On April 26, 1983, appellant was transferred into the custody of Hennepin County and he made a first appearance the next day on the charges filed on August 6, 1982. On the day of trial, those charges were dismissed. On August 24, 1983, the earlier bench warrant was served on appellant. Appellant appeared in court on September 1, 1983, and made a demand for a speedy trial. Later, he moved to dismiss on denial of speedy trial grounds. An omnibus hearing was held on September 29, 1983, and the trial court denied appellant's motion to dismiss. The jury trial commenced the following day.

Appellant was found guilty of aggravated robbery and sentenced to the presumptive sentence of 90 months to be served consecutively with his federal sentence. The sentence was later reduced to 60 months, pursuant to modifications in the Minnesota Sentencing Guidelines.

## ISSUES

1. Was appellant denied a speedy trial?

2. Was pretrial identification evidence consisting of a photographic lineup impermissibly suggestive?

3. Was the evidence sufficient to convict appellant of aggravated robbery?

4. Did the trial court abuse its discretion in admitting evidence of appellant's attempt to flee from police?

5. Did the trial court abuse its discretion in ruling appellant's prior convictions were admissible for impeachment purposes?

## ANALYSIS

### I.

Appellant claims his right to a speedy trial was violated because of the 15 month lapse between his arrest and trial.

■ 1. In determining whether appellant's constitutional right to a speedy trial was violated, four factors must be balanced: (1) length of delay; (2) reason for delay; (3) whether the defendant asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972); *State v. Brouillette*, 286 N.W.2d 702, 706 (Minn.1979).

■ (a) *Length of Delay*. The 15 month delay is sufficient to trigger further inquiry. *State v. Corarito*, 268 N.W.2d 79, 80 (Minn.1978).

(b) *Reason for Delay.* Part of the delay was caused by appellant's commission of a bank robbery while on bail for this offense. He was convicted of bank robbery on September 16, 1982. The Hennepin County Attorney's Office, however, did not initiate action to complete the pending criminal proceedings until March 1983 when they requested temporary custody of appellant from a federal penitentiary. The custody request was delayed because the county attorney was not aware of the earlier disposition of appellant's federal charges. This factor weighs in favor of appellant. *See Barker,* 407 U.S. at 531, 92 S.Ct. at 2192.

(c) *Assertion of Right.* Appellant was not represented by counsel from July 28, 1982, when his private attorney withdrew, until September 1, 1983 when a public defender was appointed. In the fall of 1982, appellant asked the prosecutor for a speedy disposition. He also alleges his federal public defender spoke with the prosecutor in December 1982. Appellant did not make a demand for speedy trial in writing or orally on the record, pursuant to Minn.R. Crim.P. 11.10, until September 1, 1983. This factor weighs in favor of the State.

(d) *Prejudice.* Appellant claims prejudice and mental anguish awaiting trial. He claims he was in custody of the Hennepin County jail for over five months. He also contends he lost potential alibi witnesses by the delay. He claims he was babysitting for Mary Williams and Joe Townsend the night of the robbery and that they could no longer remember the night in question.

■ Appellant must demonstrate prejudice as a result of delay in his trial. The reasons advanced by appellant demonstrate no actual prejudice. The anxiety suffered from pretrial incarceration is unfortunate, but not a serious allegation of prejudice. *State v. Helenbolt,* 334 N.W.2d 400, 405–06 (Minn.1983).

In rejecting appellant's claim the alleged loss of recollection by potential alibi witnesses constituted prejudice, the trial court noted:

[E]ven assuming that the two witnesses here were to say that they left the children with Givens and his wife, unless it shows it was exactly at the time of the offense or something of that particular nature, I fail to see that it would be an alibi at all.

The record shows the "alibi" witnesses would testify they left their children with appellant and his wife during the weekend the robbery occurred. They would not be able to testify where appellant was during the time of the robbery. Appellant's wife was available as an alibi witness for appellant's claim he was babysitting.

Appellant claims he was deprived of work, education, and rehabilitation programs while in the Hennepin County jail. He does not indicate which work, educational, or rehabilitation programs were available to him in federal prison. Appellant was in federal prison until April 26, 1983, and his trial in Hennepin County began five months later. No matter when appellant's Hennepin County trial was held, it required him to be in Hennepin County; he could not participate in any claimed rehabilitation program in any event. This factor weighs heavily against appellant because there is no demonstrated prejudice.

■ Considering all the factors above, we do not believe appellant's constitutional right to a speedy trial was violated.

■ 2. Appellant claims the delay violated the Uniform Mandatory Disposition of Detainers Act, Minn.Stat. § 629.292 (1982). Subdivision 3 provides if an accused is not tried within six months of receipt of a request for temporary custody, the charges shall be dismissed. This statute is not applicable to persons imprisoned in federal institutions outside Minnesota. It applies only to those imprisoned in penal or correctional institutions or facilities in the Department of Corrections of this state. Minn.Stat. § 629.292, subd. 1 (1982). *See generally State v. Hamilton,* 268 N.W.2d 56, 59 (Minn.1978).

## II.

Appellant contends his right to due process was violated by the admission of pretrial identification evidence of a photographic lineup and that in-court identification was tainted by this suggestive lineup. Appellant claims the photographic lineup was impermissibly suggestive because police officers told the victim they had a suspect whose photo was in the lineup and because appellant's photo was the only one that had some gray in his hair.

In determining whether the pretrial identification evidence was admitted in violation of appellant's right to due process, the test is whether the identification procedures were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *State v. Darveaux*, 318 N.W.2d 44, 47 (Minn.1982); *Caldwell v. State*, 347 N.W.2d 824, 827 (Minn.App.1984).

The record shows the victim was told by police they had a suspect and wanted him to look at some photographs. There is nothing suggestive about this. The record does not support appellant's claim the police told the victim the suspect's photo was in the lineup.

The photo display here showed eight males, all in their late 30's or 40's. Most appeared to weigh between 200 and 250 pounds. The victim was told by police the hair color and the hair length may be different from what he observed the night of the robbery. The police did not improperly suggest which photo to select. Given the totality of the circumstances, appellant's photo was not unique and the photo display was not unduly suggestive.

We also reject appellant's contention the in-court identification was improper as a product of an improper photo display. The in-court identification was independently obtained. The victim observed the robber's face during most of the robbery and was only 20 inches away from the robber. He talked with the robber a few minutes before the robbery, and the lighting was good. He gave police a description of the robber on the night of the robbery which is almost identical to a later description he gave after viewing the photo lineup. The identification of appellant in the photo display was positive. Immediately upon seeing appellant's photo he remarked, "Geez, I can't believe this. This looks like I took the picture. That's him, no doubt in my mind. No doubt in my mind at all." The admission of the photographic identification and in-court identification was not error.

## III.

Appellant contends the evidence was insufficient to convict him of aggravated robbery because his conviction was based on the identification evidence of just one eyewitness. A conviction may rest on the identification testimony of a single eyewitness. *See Caldwell*, 347 N.W.2d at 828–29. The identification of the robber was not made after merely limited observation. The facts show the victim had ample opportunity to look at the robber; he also provided a detailed description and positively identified appellant from the photo lineup just three days after the robbery. He also identified appellant at trial.

Under the circumstances, the jury was entitled to give his testimony the weight it obviously gave. The jury could reasonably have found appellant guilty of aggravated robbery. *See State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978).

## IV.

Appellant claims his right to a fair trial was violated because the trial court admitted evidence of appellant's attempt to flee from police when the police came to arrest him at his home. Flight evidence is admissible on the issue of "consciousness of guilt." *State v. Meany*, 262 Minn. 491, 502, 115 N.W.2d 247, 255 (1962). *See generally* C. McCormick, *Handbook of the Law of Evidence*, 655–56 (2d ed. 1972). The trial court did not abuse its discretion in admitting the evidence. *See State v.*

*Swain,* 269 N.W.2d 707, 714 (Minn.1978). Appellant claims he fled because he had controlled substances in his possession. The existence of another motivation for fleeing does not render the evidence inadmissible. It is simply a factor for the jury to consider in weighing the evidence.

## V.

Appellant contends the trial court erred in its pretrial ruling that the State was permitted to use his 1976 conviction for possession of Schedule I controlled substance and 1976 and 1982 convictions for bank robbery to impeach his credibility if he testified. Appellant did not testify. We do not find any clear abuse of discretion in allowing the State to use these convictions. *See State v. Brouillette,* 286 N.W.2d 702, 707–08 (Minn.1979); *State v. Jones,* 271 N.W.2d 534, 537–38 (Minn.1978); *State v. Heidelberger,* 353 N.W.2d 582 (Minn.App. 1984).

## DECISION

Appellant was not denied a speedy trial under the constitution or under the Uniform Mandatory Disposition of Detainers Act. His right to due process was not violated because of any impermissibly suggestive pretrial identification evidence. The trial court's rulings admitting evidence of appellant's attempt to flee the police and allowing the State to impeach appellant through prior convictions were proper. The evidence, consisting mainly of eyewitness testimony of the victim of aggravated robbery, was sufficient to convict appellant.

Affirmed.