**STATE of Minnesota, Appellant,**

v.

**Kenneth H. BROOKE, Respondent.**

**No. C9-85-1960.**

Court of Appeals of Minnesota.

Feb. 18, 1986.

Hubert H. Humphrey III, Atty. Gen., Patrick LeDray, Katz, Lange, David & Manka, Minneapolis, for appellant.

William R. Kennedy, Hennepin County Public Defender, Minneapolis, for respondent.

Considered and decided by LESLIE, P.J. and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

The State appeals the trial court's dismissal of criminal charges on the basis that respondent was denied his right to a speedy trial. We affirm.

## FACTS

At about 2:00 a.m. on July 5, 1984, the St. Louis Park police responded to a call to investigate a fight. When they arrived, they found one young man with a bloody nose and with visible injuries on his right cheek. The man, and a group of his friends, told police that respondent had struck him with a baseball bat. They stated that this attack was unprovoked. Respondent admitted he kicked the man, but denied hitting him with a bat. He claimed that the attack was provoked, and that he was merely protecting his younger brother who was being attacked by a group of men with baseball bats.

Four months later, on November 4, 1984, a complaint was signed charging respondent with misdemeanor assault. On November 28, 1984, respondent appeared pro se at municipal court at Ridgedale, and pleaded not guilty. On January 14, 1985, a pre-trial conference was held, and a trial date was set for April 5, 1985.

On April 5, the parties were prepared for trial, but because the court's calendar was full, the matter was postponed. During the brief proceedings, respondent, who was appearing pro se, stated, "I would like to get this over with." He later stated, "I really don't want to have to come back again." The trial court did not note a demand for a speedy trial at this time.

The matter was not set for trial until August 9, 1985. At this time the parties were once again present, and once again the trial was not held because the court's calendar was filled. Respondent told the judge that he had requested a speedy trial on April 5. Because the record did not contain a notation of a speedy trial demand, and because a transcript from the April 5 proceeding was unavailable, the trial court would not rule that respondent had made such a demand earlier. The judge did note that respondent was presently demanding a speedy trial, and she stated, "If this matter is not concluded within sixty days of to-day's date, I can assure you that a motion brought before me to dismiss would be granted." The trial court set the matter for trial on August 12 in downtown Minneapolis. The State did not object to the matter being moved downtown.

On August 12, both parties were present and apparently prepared for trial. At this time the trial court suggested that respondent allow a public defender to represent him. Respondent agreed, and the matter was postponed until October 2, 1985 to allow respondent's attorney time to become familiar with the case.

On October 2 respondent appeared, prepared for trial and with counsel and witnesses. The State did not appear on schedule, apparently because the prosecutor was scheduled for another trial at that time. When the prosecutor did arrive, late, he objected to the trial being held downtown, informing the court that he had objected when the case was originally ordered downtown. The trial court rescheduled the hearing, and the prosecutor apparently failed to inform the court that the prior judge's sixty-day limit was about to expire.

On October 11, 1985, respondent moved that the matter be dismissed because he had been denied his right to a speedy trial. The trial court granted the motion, finding that respondent had made a demand for a speedy trial on April 5, 1985 and that the trial was not held within six months after this demand. The court further found that the August 9 order clearly stated that the matter would be dismissed within sixty days, and that the respondent was prepared to proceed within that time but the State failed to prosecute the matter.

## ISSUE

Did the trial court err in dismissing the case on the ground that the defendant was denied his right to a speedy trial?

## ANALYSIS

██ The right to a speedy trial is guaranteed by the sixth amendment of the United States constitution and article I, section 6 of the Minnesota constitution. In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court developed a balancing approach to determine if a person has been denied the constitutional right to a speedy trial. The following four factors are to be considered: (1) the length of delay, (2) the reason for delay, (3) defendant's assertion of the right to speedy trial, and (4) the prejudice to the defendant. *Id.* 407 U.S. at 530, 92 S.Ct. at 2191; *see State v. Rossbach*, 288 N.W.2d 714, 716 (Minn. 1982). The primary burden of ensuring a speedy trial lies with the prosecution and the courts. *Barker v. Wingo*, 407 U.S.2d at 529, 92 S.Ct. at 2191.

In a footnote, the Supreme Court stated "[n]othing we have said should be interpreted as disapproving a presumptive rule adopted by a court in the exercise of its

supervisory power which establishes a fixed time period within which cases must normally be brought." *Barker*, 407 U.S. at 530 n. 29, 92 S.Ct. at 2192 n. 29. Three years after this opinion, the Minnesota Supreme Court promulgated the Minnesota Rules of Criminal Procedure, which adopted presumptive rules for bringing criminal cases to trial. Minnesota Rules of Criminal Procedure 6.06 provides that in a misdemeanor case, "[o]n demand made in writing or orally on the record by the prosecuting attorney or the defendant, the defendant shall be tried within sixty (60) days from the date of the demand unless good cause is shown by the prosecution or defendant why he should not be brought to trial within that period." In analyzing a claim to a speedy trial under Rule 6.06, we should consider those factors discussed in *Barker*. *See State v. Larson*, 369 N.W.2d 323, 324 (Minn.Ct.App.1985).

### Length of Delay

■ To a certain extent, the length of delay is a triggering mechanism. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192. The amount of delay that is necessary to provoke inquiry depends on the circumstances, but "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 530–31, 92 S.Ct. at 2192. In the present case, respondent was arrested fifteen months before the trial court dismissed the case. He pleaded not guilty approximately eleven months before the case was dismissed, and he made his initial demand for a speedy trial six months before the case was dismissed. Given the fact that respondent was accused of a misdemeanor assault, this is certainly sufficient delay to trigger inquiry. *See State v. Brouillette*, 286 N.W.2d 702 (Minn.1979) (nine month delay in fourth-degree sexual conduct sufficient to trigger inquiry); *State v. Larson*, 369 N.W.2d 323 (Minn.Ct. App.1985) (six and one-half month delay in DWI sufficient to trigger inquiry when defendant almost immediately requested speedy trial); *State v. Stitzel*, 351 N.W.2d 409 (Minn.Ct.App.1984) (eight month delay in misdemeanor assault sufficient to trigger inquiry).

### Reason for Delay

The reason for delay is closely related to the length of delay, and different weights should be assigned to different reasons. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. A deliberate attempt to delay trial to harm the defense is weighed most heavily against the State. Delays caused by negligence or overcrowded courts are also weighed against the State, but less heavily, because the State is ultimately responsible for such circumstances. *Id. See Strunk v. United States*, 412 U.S. 434, 436, 93 S.Ct. 2260, 2262, 37 L.Ed.2d 56 (1973).

In this case, the delays appear to be due to overcrowded courts and conflicts in the prosecutor's schedule. It is unclear why the initial trial was not scheduled until four months after respondent pleaded not guilty, but that was probably because of the court's calendar. The trial was not held on the first trial date, April 5, because the court's calendar was overcrowded. It is unknown why the proceeding was not set for trial for over four months, but when the August 9 trial date arrived, the matter was once again postponed because of the court's calendar. The August 12 continuance was the only time in which respondent contributed to the delay, and that was because the court strongly recommended that he have a public defender. Finally, the October 2 delay was brought about by the prosecutor's late arrival, and the delay until October 11 was caused by a combination of events, including the prosecutor's failure to inform the court of the previous sixty-day order. None of the delays were caused by "valid reasons" such as missing witnesses, nor were they caused by respondent's intentional stalling tactics.

### Defendant's Assertions

■ The third factor to be considered is whether and how the defendant asserted his right to a speedy trial. Respondent did not specifically say that he was asserting his right to a speedy trial on April 5. However, he was proceeding pro se and he did state "I would like to get this over with" and "I really don't want to have to come back again." The August 9 order stated

that respondent did make a demand for a speedy trial on April 5. Although respondent's statements were not precise assertions of his right to a speedy trial, we stress the fact that respondent appeared without counsel. We agree with the trial court that respondent asserted his right to a speedy trial on April 5. We note that respondent also made another demand for a speedy trial the next time he was in court.

### Prejudice to Defendant

The final factor to be considered is whether the defendant has been prejudiced by the delay. The Supreme Court has held that affirmative proof of prejudice is not essential. *Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183 (1973). Prejudice is not confined solely to harm to the defense of the case. The court should also consider prejudice from interference with the person's liberty, disruption of employment, financial hardship, strain on friendships and associations, and anxiety and stress to the defendant and the defendant's family. *Id.* 414 U.S. at 26–27, 94 S.Ct. at 189, 190.

Respondent has been financially prejudiced because he had to appear in court five separate times and bring his witnesses each time. Furthermore, he experienced anxiety and stress from having to prepare for and attend trial on all of these occasions. We feel that respondent has been substantially prejudiced. *See State v. Stitzel,* 351 N.W.2d 409, 411 (Minn. Ct.App.1984) (prejudice found in the emotional strain on defendant's family and the strain on defendant's job performance.)

Finally, the record clearly shows that on August 9 the court stated that "if this matter is not concluded within sixty days of today's date, I can assure you that a motion brought before me to dismiss would be granted." Judges should be allowed to enforce their orders with sanctions including dismissal. *See* Minn.R. Crim.P. 30.02.

### DECISION

Because respondent's trial in this simple misdemeanor case was delayed for an unreasonable amount of time without adequate excuse, we affirm.

Affirmed.