STATE of Minnesota, CITY OF
OAKDALE, Appellant,

v.

David LeRoy CURTIS, Respondent.

No. C7–86–509.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Gregory J. Tavernier, Caswell & Tavernier, P.A., Oakdale, for appellant.

Barry W. McKee, Stillwater, for respondent.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This appeal is from a pretrial order dismissing the charges against respondent David Curtis on the ground that he was denied his right to a speedy trial. Curtis has failed to file a brief, and this matter is proceeding under Minn.R.Civ.App.P. 142.-03. We reverse and reinstate the charges.

## FACTS

On October 29, 1985, Curtis was charged with three traffic offenses: driving while under the influence (Minn.Stat. § 169.121, subd. 1(a) (1984)), driving with an alcohol concentration of over .10 (Minn.Stat. § 169.121, subd. 1(d) (1984)), and driving left of the roadway center (Minn.Stat. § 169.18, subd. 1 (1984)). On November 13, 1985, the Washington County Clerk's office received a letter from Curtis' attorney asking that a not guilty plea be entered, requesting a pretrial, and demanding trial within 60 days as required by Minn.R. Crim.P. 6.06. A pretrial conference was held on December 19, at which Curtis was given a trial date of March 10, 1986. Neither Curtis nor his attorney objected to the trial date at that time.

On the date scheduled for trial, the State appeared with its witnesses. Curtis orally moved for dismissal, arguing that he was denied his right to a speedy trial because he was not given a trial within 60 days of the entry of his not guilty plea. The defense attorney claimed Curtis was prejudiced by the time delay because he was unable to accept two job offers as an over-the-road truck driver when he had to remain in the state and when the pending charges possibly jeopardized his driver's license.

The State argued that it had no notice of Curtis' demand for a speedy trial because it had not received a copy of Curtis' letter from the clerk's office. The State further noted that Curtis did not object to the trial date at the pretrial conference and that he never renewed his demand for a speedy trial either orally or in writing.

The trial court granted Curtis' motion to dismiss. This appeal followed.

## ISSUE

Did the trial court err in dismissing the case on the ground that Curtis was denied his right to a speedy trial?

## DISCUSSION

The right to a speedy trial is constitutionally guaranteed by the sixth amendment of the United States Constitution and by article I, section 6, of the Minnesota Constitution. To determine whether a person has been denied the right to a speedy trial, a balancing test must be used in which the conduct of both the prosecution and the defendant are weighed. The factors to be considered are the length of delay, the reason for delay, defendant's assertion of his right, and prejudice to defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

Minn.R.Crim.P. 6.06 establishes a 60-day time period within which misdemeanor cases must normally be brought:

A defendant shall be tried as soon as possible after entry of a not guilty plea. On demand made in writing or orally on the record by * * * the defendant, the defendant shall be tried within sixty (60) days from the date of the demand unless

good cause is shown by the prosecution * * * why he should not be brought to trial within that period. The time period shall not begin to run earlier than the date of the not guilty plea.

*Id.* This time period is presumptive only. When analyzing a claim to a speedy trial, the factors enunciated in *Barker* should still be considered. *State v. Brooke,* 381 N.W.2d 885, 888 (Minn.Ct.App.1986).

In this case the trial court did not balance the *Barker* factors. Interpreting two cases from this court, *State v. Larson,* 369 N.W.2d 323 (Minn.Ct.App.1985), and *Brooke,* 381 N.W.2d at 885, the trial court concluded that "the State has the burden of showing the reason for failure to vitiate defendant's speedy trial right, and the traditional notice that defendant must show prejudice to merit relief has been reduced in importance." We believe the trial court misapplies these cases and that its failure to consider and balance the remaining *Barker* factors was error.

■ Application of the *Barker* test compels the conclusion that Curtis was not denied his right to a speedy trial. The length of delay in this case was sufficient to trigger further inquiry: Curtis pled not guilty and demanded a speedy trial on November 13; his trial was scheduled to begin almost four months later, some two months past the presumptive 60–day limit of rule 6.06. *See Larson,* 369 N.W.2d at 324 (delay of over two months past the 60–day limit sufficient to trigger further inquiry in misdemeanor case). The trial court attributed the cause of the delay to the court system. The responsibility for neglect on the part of the clerk's office or for an overburdened court system rests on the State. This type of delay weighs less heavily against the State than would a deliberate attempt to delay the trial. *See State v. Jones,* 392 N.W.2d 224 (Minn. 1986).

■ The remaining factors, however, weigh against Curtis. "The defendant's

assertion of his speedy trial right * * * is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker,* 407 U.S. at 531–32, 92 S.Ct. at 2192–2193. Curtis asserted his demand only in a letter addressed to the clerk's office, did not object when he was given a trial date at the pretrial conference, and never reasserted his demand. The weakness of his effort reflects on the actual seriousness of the personal prejudice that he claims: if Curtis had actually lost two employment opportunities because of these pending charges, it seems likely that he would have complained prior to the date of trial.

Other facts warrant the conclusion that Curtis was not denied his right to a speedy trial and justify reinstatement of the charges against him. By acceptance of the trial date set at the pretrial conference without objection, Curtis in effect waived his right to strict compliance with the 60–day rule.

■ It is to be further noted that the rules of criminal procedure contemplate a demand for a speedy trial only after a plea of not guilty has been made on the record *in open court. See* Minn.R.Crim.P. 6.06 (demand for speedy trial to be made orally or in writing "on the record;" "the time period shall not begin to run earlier than the date of the not guilty plea"), 5.04, subd. 1 (plea required to be made "in open court"), 14.02, subd. 2 (plea to be made "orally on the record" or may be entered by counsel "[i]f the court is satisfied that the defendant has knowingly and voluntarily waived his right to be present").[1]

Although the trial court attributed the delay to the court system, the delay was actually caused by the defense counsel's circumvention of the rules by attempting to enter a not guilty plea by mail. We are cognizant that certain local practices may develop which ameliorate the strictness of the rules; these local practices should not

---

1. We recognize that a determination of whether a defendant has been denied his right to a speedy trial turns not only on compliance with the rules, but also on an examination of the relevant case law and application of the *Barker* test. *See Jones,* 392 N.W.2d at 235.

be allowed to defeat the purposes of the rules, which are to make procedures readily ascertainable, settled and predictable. This case is illustrative of the dangers inherent in allowing local practices to evolve that are at variance with the rules. Had the demand been made in open court, on the record and after proper entry of a not guilty plea, both prosecutor and court would have been aware of it, and the case could have been timely tried.

## DECISION

The decision of the trial court dismissing the charges is reversed, and the charges are ordered reinstated.

Reversed.