In the Matter of the WELFARE OF
J.D.P., Appellant.

No. C3-86-2211.

Court of Appeals of Minnesota.

July 28, 1987.
Review Granted Sept. 23, 1987.

Joseph F. Lyons-Leoni, Cloutier & Mu-
sech, Minneapolis, for appellant.

Scott A. Hersey, Jennifer J. Johnson,
Asst. Co. Atty., Center City, for respon-
dent.

Considered and decided by
NIERENGARTEN, P.J., and FOLEY
and RANDALL, JJ., with oral
argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment adjudicating J.D.P. a delinquent. J.D.P. contends the judgment and delinquency petition should be dismissed because a trial was not held within sixty days as provided in Rule 27.02 of the Minnesota Rules of Procedure for Juvenile Court. He also contends his constitutional right to a speedy trial was denied. We reverse.

## FACTS

A petition of delinquency was filed on January 21, 1986, charging appellant J.D.P. with aiding and abetting felony theft on December 7, 1985. On February 28, 1986, venue was transferred to Hennepin County where J.D.P. denied the allegations in the petition and venue was then, on April 2, 1986, transferred back to Chisago County. By order dated September 2, 1986, the Chisago County District Court continued the trial to September 26, 1986, stating it was unable to schedule the trial because of its crowded docket. On September 23, 1986, J.D.P. petitioned this court for discretionary review of the district court's September 2 order. J.D.P. moved this court to vacate the district court's September 2 order because he was not present and was not given an opportunity to assert his position. We granted his motion in order to allow J.D.P. to move the trial court for dismissal.

The district court subsequently denied J.D.P.'s motion to dismiss the delinquency petition, stating a trial would have occurred on September 26 had J.D.P. not filed an "untimely" petition for review with the court of appeals. The court also noted J.D.P.'s attorney did not request a speedy trial at any time since the delinquency petition was filed in January 1986 and stated it would have scheduled a hearing if it had been advised of J.D.P.'s desire for an immediate hearing. The court found no prejudice resulted from the delay and that J.D.P.'s constitutional right to a speedy trial had not been denied. Finally, the district court noted that a number of administrative problems caused the delay of J.D.P.'s

trial including the district court's case load and limited physical facilities, and the insufficient number of trial judges in the Tenth Judicial District.

The district court found J.D.P. delinquent. He was ordered to perform forty hours of community service work, fined $200, assessed $100 in court costs, and placed on probation for one year. J.D.P. appeals.

## ISSUES

1. Did the district court violate Rule 27.02 of the Rules of Procedure for Juvenile Court by denying the appellant's motion to dismiss the delinquency petition?

2. Was the appellant's constitutional right to a speedy trial denied?

## ANALYSIS

### 1. Rule 27.02

Under Rule 27.02,

A trial shall commence:

\*    \*    \*    \*    \*    \*

(b) for a child not held in detention, within sixty (60) days from the date of the denial of the allegations of the petition, unless good cause is shown by the county attorney or the child's counsel why the child should not be brought to trial within sixty (60) days.

Minn.R.P.Juv.Ct. 27.02, subd. 1.

Generally, an adult's right to a speedy trial does not attach until the individual demands a trial. Minn.R.Crim.P. 6.06. However, Rule 27.02 specifically states that, if a minor is not being detained, "[a] trial *shall* commence \* \* \* within sixty (60) days from the date of the denial of the allegations of the petition \* \* \*." Minn.R.P.Juv.Ct. 27.02, subd. 1 (emphasis added). The sixty day period automatically begins when a minor denies the allegations of the petition; a minor need not make a demand. *See* 12 J. Sonsteng & R. Scott, *Minnesota Practice* 414 (1985). Here the sixty day period began on April 1, 1986, when J.D.P. denied the allegations of the petition. His trial should have occurred on

or about June 1. Although J.D.P. petitioned this court for discretionary review in September 1986, when the district court found upon its own motion that there was good cause why J.D.P.'s case had not been tried within sixty days, approximately 153 days already had passed since J.D.P. denied the allegations in the petition; 136 days had passed since venue was returned to Chisago County.

■ The court's "crowded docket" and other administrative considerations are not sufficient grounds for delaying trial. Courts are primarily responsible for assuring cases are brought to trial. *See Barker v. Wingo,* 407 U.S. 514, 529, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). "[T]he responsibility for an overburdened judicial system cannot * * * rest with the defendant." *State v. Jones,* 392 N.W.2d 224, 235 (Minn. 1986).

> If the trial has not commenced within the time set forth * * * or a continuance has not been granted, the petition *shall* be dismissed.

Minn.R.P.Juv.Ct. 27.02, subd. 2 (emphasis added). The district court did not continue the trial until three months *after* the prescribed sixty day limit had expired. The district court should have dismissed the petition.

### 2. Constitutional Claim

■ J.D.P. contends he has been denied his constitutional right to a speedy trial because his trial was scheduled almost four months after the sixty day limit provided in Rule 27.02. While the United States Supreme Court has indicated that the states "are free to prescribe a reasonable period consistent with constitutional standards," the Court has adopted a balancing test "in which the conduct of both the prosecution and the defendant are weighed." *Barker,* 407 U.S. at 523, 530, 92 S.Ct. at 2188, 2192 (footnote omitted). Four factors are considered: (1) the length of delay; (2) the reason for the delay; (3) the individual's assertion of the right; and (4) the prejudice

to the accused. *Id.* For the purposes of constitutional analysis, the sixty day period prescribed in Rule 27.02 is "presumptive only"[1] and this court still should consider the four factors identified in *Barker.*

### Length of Delay

"Until there is some delay which is presumptively prejudicial," there is no need to analyze the other three factors. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191. "[T]he delay that can be tolerated for an ordinary street crime is considerably less" than for serious, complex crimes. *Id.* at 531, 92 S.Ct. at 2192. "The delay in speedy-trial cases is calculated from the point at which the sixth amendment right attaches * * *." *Jones,* 392 N.W.2d at 235.

J.D.P. denied the allegations in the petition on April 1, 1986, and the sixty day period expired on or about June 1, 1986. His trial originally was scheduled nearly four months after the sixty day limit. That delay was sufficient to trigger analysis of the other three factors. *See State v. Curtis,* 393 N.W.2d 10, 12 (Minn.Ct.App.1986).

### Reason for the Delay

The district court stated that J.D.P.'s trial was not scheduled within the sixty day period because of the court's "crowded docket" and because of other administrative problems. Although unintentional, delays caused by overburdened court systems and administrative difficulties should weigh against the government which must assume responsibility for bringing cases to trial. *See Barker,* 407 U.S. at 531, 92 S.Ct. at 2192; *Jones,* 392 N.W.2d at 235; *see also Curtis,* 393 N.W.2d at 12.

The delay in setting the *original* trial date was not caused by J.D.P.'s conduct. *See State v. Brooke,* 381 N.W.2d 885, 888 (Minn.Ct.App.1986) (scheduling conflicts and overcrowded courts were not "valid reasons" justifying trial delay).

---

1. We arrive at this conclusion because Minn.R. P.Juv.Ct. 27.02 is analogous to Minn.R.Crim.P. 6.06. In *State v. Curtis,* 393 N.W.2d 10, 12

(Minn.Ct.App.1986), we concluded that the sixty day period prescribed in Rule 6.06 is "presumptive only."

**4**

### Assertion of the Right

██ The record does not indicate that J.D.P. ever communicated his desire for a speedy trial either to the court or to the prosecutor. Nevertheless, for the purposes of constitutional analyses, we believe the automatic sixty day limitation specified in the rule and J.D.P.'s denial of the allegations constituted constructive demand for a speedy trial.

The Rules of Procedure for Juvenile Court clearly evince an intention to safeguard the rights of juveniles and should be construed in a way which assures juveniles basic constitutional protections. Minn.R.P. Juv.Ct. 1.02.

### Prejudice to the Juvenile

J.D.P. alleges that the delay of almost eight months after his denial of the allegation and ten months after the petition of delinquency was filed has been prejudicial to him because it has caused uncertainty, emotional strain, and possible damage to his reputation, and because the undesirable consequences of delay extended over parts of two school years. Although part of the delay was caused by the two venue transfers, some of the prejudice and embarrassment J.D.P. now alleges probably was caused by the very fact that a delinquency petition was filed against him. However, in light of the uncomplicated nature of the crime and the other circumstances of this case, we believe J.D.P.'s constitutional right to a speedy trial was denied when his trial was delayed beyond the prescribed sixty day period. An affirmative demonstration of prejudice is not necessary to prove a denial of the constitutional right to a speedy trial. *See Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183 (1973).

> Prejudice is not confined solely to harm to the defense of the case. The court should also consider prejudice from interference with the person's liberty, disruption of employment, financial hardship, strain on friendships and associations, and anxiety and stress to the defendant and the defendant's family.

*Brooke,* 381 N.W.2d at 889 (citing *Moore,* 414 U.S. at 26–27, 94 S.Ct. at 189–90). *See State v. Stitzel,* 351 N.W.2d 409, 411 (Minn. Ct.App.1984) (the emotional strain on the defendant's family and the adverse effect of the delay on the defendant's employment performance outweighed the State's considerations).

██ Accordingly, the judgment is vacated and the petition of delinquency is dismissed with prejudice. *See Strunk v. United States,* 412 U.S. 434, 439–40, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56 (1973) (dismissal of the indictment and vacation of the judgment were "the only possible remedy" in light of the policies which underlie the constitutional right to a speedy trial); *Barker,* 407 U.S. at 522, 92 S.Ct. at 2188; *see also* 12 J. Sonsteng & R. Scott, *Minnesota Practice* 414 (1985) ("The dismissal required by Rule 27.02, subdivision 2 should generally be without prejudice unless the delay results in a violation of a constitutional right of the child as well as the Rule.").

### DECISION

The district court erred by denying the appellant's motion to dismiss the delinquency petition because the appellant's trial was not held or continued within the sixty day limit prescribed by Rule 27.02. The judgment is vacated and the delinquency petition is dismissed with prejudice because the appellant's constitutional right to a speedy trial was denied.

Reversed.