STATE of Minnesota, Respondent,

v.

Mark Joseph CORARITO, Appellant.

No. 47924.

Supreme Court of Minnesota.

June 30, 1978.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary Flakne, County Atty., Vernon E. Bergstrom, David W. Larson and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of charges of aggravated sodomy, Minn.St. 609.293, subd. 2(1), and aggravated robbery, Minn.St. 609.245, and was sentenced by the trial court to a maximum indeterminate term of 30 years in prison for the sodomy charge. On this appeal from judgment of conviction defendant contends (1) that the pretrial delay deprived him of his Sixth Amendment right to a speedy trial, (2) that the trial court erred in admitting other-crime evidence, and (3) that there was as a matter of law insufficient evidence to support the verdict. We affirm.

1. The crimes of which defendant was convicted were committed on August 7, 1976. Defendant was arrested on August 21 and a complaint was thereafter filed. Defendant did not enter a not guilty plea until October 5, and at that time trial was set for November 5. On November 5 a continuance was granted the prosecution because the victim was hospitalized. A second continuance was granted on December 6. Defendant was conditionally released from jail when the first continuance was granted and he remained free until he violated the conditions of his release. On

January 21, 1977, the third and last continuance was granted because the victim was hospitalized and still unavailable for trial. In granting the continuance and denying defendant's motion to dismiss for failure to prosecute, the court stated that this was the last continuance it would grant. Trial commenced on February 23, approximately 6 months after defendant was first arrested.

Determination of this speedy trial issue requires an analysis of the facts of this case in terms of the four main categories of considerations specified in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These considerations are: (a) Length of delay, (b) reason for delay, (c) defendant's assertion of his right, and (d) prejudice to defendant.[1]

Although the total delay was 6 months, a delay which we believe is sufficient to trigger further inquiry, it appears that there was a valid reason for the delay and that the prosecutor was not trying to delay the trial to hamper the defense. Most importantly, defendant has not shown any unfair prejudice resulting from the delay. In view of these factors, we conclude that defendant was not denied his right to a speedy trial. See, Rule 11.10, Rules of Criminal Procedure.

2. There is no merit to defendant's contention that the trial court abused its discretion in admitting the other-crime evidence. The state gave the necessary notice, the relation of the other offense to the offense with which defendant was charged was substantial, the evidence was highly relevant, and the evidence was not admitted for the purpose of suggesting to the jury that defendant should be convicted because he had a propensity to commit crimes. Further, the state introduced the evidence because it legitimately felt that it needed the evidence to meet its burden of proof, the state proved defendant's participation in the other crime by clear and convincing evidence, and the trial court carefully cautioned the jury about the use of the evidence. *State v. Billstrom,* 276 Minn. 174, 149 N.W.2d 281 (1967).

3. It would not serve any useful purpose to detail the evidence against defendant. Suffice it to say, there is no merit to defendant's contention that there was, as a matter of law, insufficient evidence to support the guilty verdict.

Affirmed.

---

1. Minnesota cases applying this test include *State v. Widell,* Minn., 258 N.W.2d 795 (1977); *State v. Knox,* Minn., 250 N.W.2d 147 (1976).

The Barker test and cases applying it are discussed in Rudstein, *The Right to a Speedy Trial,* 1975 U.Ill.L.F. 11.