**STATE of Minnesota, Appellant,**

v.

**Larry STITZEL, Respondent.**

**No. C3–84–373.**

Court of Appeals of Minnesota.

July 17, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Patrick W. Ledray, Steven Z. Lange, Minneapolis, for appellant.

Walter M. Baker, Edina, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

This is an appeal by the state of a pretrial order dismissing a misdemeanor assault charge for denial of defendant's right to a speedy trial. We affirm.

## FACTS

On November 6, 1982, respondent Larry Stitzel allegedly struck an individual. Respondent first appeared in court on May 19, 1983. Acting pro se he moved for dismissal based on denial of his right to a speedy trial. His motion was denied and he pled not guilty. A pretrial date was set for August 15, 1983; respondent appeared with his attorney and again requested dismissal for lack of a speedy trial. The prosecutor requested a written motion, which was served on November 4, 1983. On November 17, 1983, the prosecutor asked for a continuance to respond and over respondent's objection, trial was reset for November 28, 1983. Respondent appeared for trial, but the court was closed because of a snowstorm. The motion was thus continued and trial was reset for January 20, 1984. In the meantime, on January 12, 1984, the trial court heard and granted respondent's motion for dismissal and en-tered its order on February 13, 1984, from which the state now appeals.

## ISSUE

Did the trial court err in dismissing respondent's charge for denial of his right to a speedy trial?

## ANALYSIS

The right to a speedy trial is granted by the Sixth Amendment to the United States Constitution and by the Minnesota Constitution, art. I, sec. 6. The leading case on the right to a speedy trial is *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The *Barker* court adopted a balancing test to determine whether a speedy trial had been denied, weighing the conduct of the prosecution and the defendant. The four factors to be balanced are, (1) the length of the delay; (2) the reason for delay; (3) defendant's assertion of the right to speedy trial; and (4) the prejudice to the defendant. When the defendant's right to a speedy trial has been deprived, dismissal, while severe, is the remedy. *Id.* at 522, 92 S.Ct. at 2187. *Barker* acknowledged that:

> Nothing we have said should be interpreted as disapproving a presumptive rule adopted by a court in the exercise of its supervisory powers which establishes a fixed time period within which cases must normally be brought.

*Id.* at 530, n. 29, 92 S.Ct. at 2192, n. 29.

The Minnesota Supreme Court promulgated the Rules of Criminal Procedure in 1975, three years after *Barker* was decided. Rule 6.06, Minn.R.Crim.P., provides in part:

> *Trial date in misdemeanor cases.* A defendant shall be tried as soon as possible after entry of a not guilty plea. On demand made in writing or orally on the record by the prosecuting attorney or the defendant, the defendant shall be tried within sixty (60) days from the date of the demand unless good cause is shown by the prosecution or defendant why he should not be brought to trial within that period * * *.

■ The defendant here demanded a speedy trial on May 19, 1983. The Minnesota Supreme Court has followed *Barker*. *See State v. Rossbach*, 288 N.W.2d 714 (Minn.1980); *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979); *State v. Corarito*, 268 N.W.2d 79 (Minn.1978). We find that the trial court here properly applied these principles in this case. The trial court analysis is determinative:

(1) Length of delay: Pretrial was set thirty days beyond the sixty day limit prescribed in Rule 6.06 and trial was set one hundred twenty days beyond the sixty day limit. This is sufficient delay to trigger inquiry.

(2) Reason for the delay: On May 19, 1983, the Court wanted to insure that the defendant had time to consult an attorney before trial, and, apparently, did not want defendant to inadvertently waive his right to a jury trial. Presumptively, the sixty days prescribed in Rule 6.06 are sufficient time to consult an attorney. In addition, defendant asked for a court trial.

(3) Defendant's assertion of the right: We have determined that the defendant demanded a speedy trial on May 19, 1983.

(4) Prejudice to defendant: In spite of his attempts to have the matter resolved on May 19, 1983, defendant has had to wait eight months for disposition, fourteen months after the incident occurred. Defendant has alleged emotional strain on his family and on his employment performance. * * * We find that the personal prejudice to the defendant outweighs the State's considerations in this case.

## DECISION

The trial court's order dismissing the charge of misdemeanor assault is affirmed. The respondent was denied his right to a speedy trial.

Affirmed.