STATE of Wisconsin, Plaintiff-Appellant,

v.

Steven J. RENARD, Defendant-Respondent.†

Court of Appeals

*No. 84–1818–CR. Submitted on briefs December 18, 1984.—*
*Decided March 12, 1985.*
(Also reported in 367 N.W.2d 237.)

† Petition to review denied.

For the appellant there was a brief by *Royce A. Finne,* assistant district attorney for Brown County, of Green Bay.

For the appellant there was a brief by *Bronson C. La Follette,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

For the respondent there was a brief by *Parins, McKay, Mohr & Beinlich, S.C.,* and *R. Paul Mohr* of Green Bay.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   The state appeals an order suppressing the results of a blood alcohol test.   The circuit court suppressed the evidence because the police did not perform a breathalyzer test as an additional test requested by Steven J. Renard.   The state challenges the court's factual finding that Renard requested an additional test.   The state also argues that suppression of the blood test is an improper sanction for failure to perform an additional test.   Because the circuit court's finding that Renard requested an additional test is not contrary to the great weight and clear preponderance of the evidence, and because the failure to perform the test vio-

lated sec. 343.305(5), Stats., and denied Renard access to material evidence, we affirm the suppression order.

A police officer arrested Renard at a hospital that was treating Renard for injuries he sustained in an automobile accident. The officer charged Renard with driving while intoxicated. The officer requested Renard to permit a blood sample to be drawn for a blood alcohol test. Renard requested that a breathalyzer test be performed instead. The officer persuaded Renard to consent to the blood test because the blood sample could be drawn at the hospital. A breathalyzer test apparently could not be performed at the hospital, and Renard's doctor was unsure whether Renard would be hospitalized overnight. Renard and his wife claim that he continued to request the breathalyzer test after he consented to the blood test. The officer denies this contention. After the blood sample was drawn, the officer left the hospital without inquiring again whether Renard would be hospitalized overnight. The hospital released Renard shortly after the officer left. The release occurred less than two hours after Renard's accident.

The circuit court's finding that Renard requested a breathalyzer test in addition to the blood test is not contrary to the great weight and clear preponderance of the evidence. *See State v. Walstad,* 119 Wis. 2d 483, 514, 351 N.W.2d 409, 485 (1984). The police therefore had a duty to perform an additional test because he consented to the blood test. *See* sec. 343.305(5), Stats. Although the breathalyzer test apparently could not be performed at the hospital, Renard's release from the hospital soon after the blood test enabled the officer to take him to the police station for the additional test. Because three hours did not lapse between the time of Renard's accident and his release from the hospital, the police could have timely performed a second test. *See* sec. 885.235(1), Stats.

While we do not hold that the officer had a duty to remain indefinitely at the hospital until Renard's release, the officer did have a duty before leaving to make a final inquiry concerning the expected time of Renard's release. This duty existed because Renard requested an additional test, thereby requiring a diligent effort by the officer to comply with the demand.

Suppression of the blood test is an appropriate sanction for failure to comply with sec. 343.305(5). The duty to perform the requested additional test became mandatory after Renard submitted to a blood test. The circuit court must strictly enforce the statutory right to an additional test. *See Walstad,* 119 Wis. 2d at 527, 351 N.W.2d at 491. Denial of an additional chemical test effectively prevented discovery of material evidence relating to the prior test. *Id.* at 537, 351 N.W.2d at 490–91. When an accused is denied a statutory right to discover evidence relating to a chemical test, the proper sanction is suppression of the test results. *See City of Lodi v. Hine,* 107 Wis. 2d 118, 122, 318 N.W.2d 383, 384 (1982).

We reject the state's argument that suppression of the blood test results is only appropriate if necessary to protect Renard's constitutional rights. The state correctly argues that admission of the blood test results does not violate due process because Renard has other means available to question the accuracy of the blood analysis. *See State v. Disch,* 119 Wis. 2d 461, 471–72, 351 N.W.2d 492, 500–501 (1984). The legislature may adopt more rigorous safeguards, however, than those imposed by the federal or state constitution. *California v. Trombretta,* —— U.S. ——, ——, 104 S. Ct. 2528, 2535 (1984). Here, the legislature requires the opportunity for an alternative test, which our supreme court has said is an assurance of due process. *Walstad,* 119 Wis. 2d at 527, 351 N.W.2d at 491. Because the legislature's provision for

an alternative test is not based on an erroneous determination of materiality, *see id.* at 523, 351 N.W.2d at 489, we will enforce compliance with the requirement by excluding blood test results when an alternative test is not provided. Enforcement of the statutory right to an alternative test would otherwise be impossible.

*By the Court.*—Order affirmed.