**STATE of Minnesota, Respondent,**

v.

**Jeffrey L. LARSON, Appellant.**

**No. C9–84–2256.**

Court of Appeals of Minnesota.

June 11, 1985.

Eric P. Johnsrud, Alexandria, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael J. Dolan, Asst. Douglas County Atty., Alexandria, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

On February 6, 1984, appellant Jeffrey Larson was issued a citation for DWI Minn.Stat. § 169.121, subd. 1(a) (1982). On February 17, 1984, his attorney filed a written not guilty plea to the pending charge and demanded a jury trial within 60 days pursuant to Minnesota Rules of Criminal Procedure 6.06 (misdemeanor rule). That written demand was filed with the clerk of court on February 28, 1984. On February 17, 1984, the State filed a notice of evidence and identification procedures pursuant to Rule 7.01. The prosecution made no oral or written request at that time for a continuance past the 60 days to locate witnesses or otherwise prepare for trial.

The pre-trial evidentiary hearing, for some unexplained reason, was not heard until May 14, 1984, a full 75 days after the filed written demand for an evidentiary hearing and a trial within 60 days. The respondent correctly points out that on February 16, 1984, the clerk of court had informed appellant and his then attorney of record that a pre-trial conference was set for March 15, 1984. However, it is undisputed that on February 28, 1984, with written substitution of counsel, the new attorney filed a written not guilty plea and a demand for trial within 60 days pursuant to the rules.

After the May 14th hearing, the case was set for trial on July 5, 1984, but prior to July 5 the prosecution claimed that one of their two peace officer witnesses was scheduled for surgery. The trial was reset for August 10, 1984, and then, because that officer was on vacation recuperating, the trial was then rescheduled for September 21, 1984. Appellant never reasserted his demand for a speedy trial during those two continuances. On August 28, 1984, he moved to dismiss on speedy trial grounds. The trial court denied the motion and appellant was tried on stipulated facts from the police reports and found guilty. On appeal he claims denial of a speedy trial.

### DECISION

To determine whether the right to a speedy trial has been violated, the Minnesota Rules of Criminal Procedure and relevant case law must be examined.

In relevant part, Minn.R.Crim.P. 6.06 states:

A defendant shall be tried as soon as possible after entry of a not guilty plea. On demand made in writing or orally on the record by the prosecuting attorney or the defendant, the defendant shall be tried within sixty (60) days from the date of the demand unless good cause is shown by the prosecution or defendant why he should not be brought to trial within that period. The time period shall not begin to run earlier than the date of the not guilty plea.* * *

The comments to Minn.R.Crim.P. 6.06 refer to the comments to Minn.R.Crim.P. 11.-10 which indicate the consequences when a defendant claims a denial of his constitutional right to a speedy trial are left to judicial decision. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

#### 1. *Length of Delay*

The delay here from April 29 (the 60th day) to the rescheduled date of September 21, 1984, is about five months and sufficient to trigger further inquiry. The trial was not even originally scheduled until July 5, over two months *past* the 60 day limit required by Minn.R.Crim.P. 6.06 for misdemeanors.

#### 2. *Reason for Delay*

The State argues that the delay from July 5 to August and from August to Sep-

tember were caused by the unavailability of one of the two witnesses due to illness. However, the record fails to disclose any showing of good cause for delay by the State between February 28 and April 29. Although the record is unclear as to the exact date of the prosecution's first motion for a continuance because of witness illness, we know that it was after May 14th because at the omnibus hearing on May 14th the State advised the defendant of the identity of the two witnesses and did not, either formally or informally, make any indication of the need for a continuance.

The State argues that at the omnibus hearing appellant did not make a second demand for a speedy trial. We cannot find any law that says once a written demand for a speedy trial is properly made that there needs to be a second. In fact, we have held that the general rule is the opposite. *See State v. Stitzel,* 351 N.W.2d 409 (Minn.Ct.App.1984).

### 3. *Defendant's Assertion*

The frequency and force of appellant's speedy trial objections must be examined. *Barker,* 407 U.S. at 529, 92 S.Ct. at 2191. Here appellant asserted his right in writing and of record. There is no claim by respondent that appellant ever withdrew that request nor is there any showing on the record that the trial court inquired into a possible waiver by appellant when respondent requested his two continuances in July and August.

### 4. *Prejudice*

Appellant filed an affidavit made by one of his witnesses present the night of the arrest, and the witness stated in part:

> Due to the passage of time, it is now difficult for me to remember all of the details concerning what Jeff Larson had to drink or how much. I would just be speculating how much Jeff had to drink or what he had to drink * * *.

That affidavit was dated September 9, 1984, supporting appellant's motion to dismiss argued on September 12.

From an analysis of the facts, the Minnesota Rules of Criminal Procedure and the interpretation of *Barker,* we conclude that because respondent failed to do anything between February 28 and April 29, either to explain the reason for the delay or ask for a continuance for just cause, appellant was denied his right to a speedy trial.

Reversed.

NIERENGARTEN, Judge, dissenting:

I respectfully dissent from the majority's conclusion that appellant Jeffrey L. Larson was denied his constitutional right to a speedy trial.

To determine whether the right to a speedy trial has been violated, four factors must be examined: (1) the length of the delay; (2) the reason for the delay; (3) whether defendant asserted his right; and (4) prejudice to the defendant. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Corarito,* 268 N.W.2d 79 (Minn.1978).

1. *Length of Delay.* The trial was not originally scheduled until July 5, over two months beyond the 60 day limit required by Minn.R.Crim.P. 6.06. Such a delay weighs against the State, but not as heavily as if there had been a deliberate delay to hamper the defense or harass the defendant. *See State v. Brouillette,* 286 N.W.2d 702, 706 (Minn.1979).

2. *Reason for Delay.* The delays here were primarily caused by the unavailability of one of the officers due to illness. This was not caused by the State's neglect or deliberate attempt to hamper the defense. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192; *see State v. Gayles,* 327 N.W.2d 1 (Minn. 1982).

3. *Defendant's Assertion.* The frequency and force of Larson's speedy trial objections must be examined. *Barker,* 407 U.S. at 529, 92 S.Ct. at 2191. Here, Larson asserted his right only once, at the same time he requested a jury trial and an evidentiary hearing. He did not object to the two continuances and never reasserted the demand for speedy trial.

The majority attempts to give Larson's one request "frequency and force" by observing that the record shows no inquiry by the trial court into a possible waiver of Larson when the State requested two continuances. First, there is no requirement that a court make such an inquiry. Second, the record does not show the actual request for the continuances; it is misleading to rely on the absence of an inquiry into possible waiver, for it is also true there is no showing the trial court did not inquire into a possible waiver.

4. *Prejudice.* Larson concedes there has been no pretrial incarceration or anxiety and concern about this matter. Rather, he claims one of his witnesses, by affidavit, indicated he had difficulty remembering "all the details concerning what Jeff Larson had to drink or how much." The witness did not state he could not remember whether Larson was sober. Larson has failed to demonstrate such prejudice as would warrant dismissal of the charges. *See State v. Corarito,* 268 N.W.2d at 80 (Minn.1978).

I would affirm the decision of the trial court.