STATE of Wisconsin, Plaintiff-Respondent,

v.

Peter J. KRIER, Defendant-Appellant.†

Court of Appeals

*No. 91–0385–CR. Submitted on briefs October 22, 1991.—Decided November 27, 1991.*

(Also reported in 478 N.W.2d 63.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James A. Walrath* of *Shellow, Shellow & Glynn, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Christopher W. Stock,* assistant district attorney of Ozaukee County.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J.   Peter J. Krier appeals his conviction for a fifth offense operating a vehicle after revocation. There are two issues: first, there was an anonymous tip given to police that Krier was driving at a certain time and place without a license. Krier argues that this was insufficient information justifying an investigative stop. Second, Krier notes that sec. 968.24, Stats., gives police a stop and detain power to briefly investigate *crimes.* Krier argues that this cannot include a traffic-related violation, the first offense of which is a forfeiture. We conclude that a corroborated anonymous tip about an activity which could be either a forfeiture or a crime is sufficient to provide reasonable suspicion that a crime is being committed. We affirm.

On May 29, 1990, the Saukville police received a telephone call from a female who refused to identify herself. She stated that "Peter Krier" was standing in the front yard saying goodbye to his girlfriend and that he was getting into his blue station wagon. The caller alleged that Krier did not possess a valid driver's license. After the dispatcher obtained the address from the caller, an officer was dispatched to investigate. When he arrived, he observed only a small blue station wagon in the driveway of the address identified by the caller. The officer then left the area. Minutes later, the same person called again and remained anonymous. This time the caller stated that Peter Krier had left and was driving northbound on Colonial Parkway. The officer was dispatched again. When he sighted the same blue station wagon being driven a block from where he had observed it in the driveway, he directed the car to pull over. The driver identified himself as Peter Krier. The officer's check of Krier's driver's license revealed that the license

was revoked and Krier had been sentenced four times in the previous five years for operating after revocation. Krier was then arrested. He brought a motion to suppress the evidence resulting from the arrest, including physical evidence and statements. The court denied the motion. He was convicted and he appeals.

In reviewing an order regarding suppression of evidence, we will uphold the trial court's findings unless they are against the great weight and clear preponderance of the evidence. *See State v. Richardson,* 156 Wis. 2d 128, 137, 456 N.W.2d 830, 833 (1990). However, whether a stop meets statutory and constitutional standards is a question of law subject to *de novo* review. *Id.* at 137–38, 456 N.W.2d at 833.

We first consider whether the anonymous tip about Krier provided a basis for an articulable and reasonable suspicion that he was engaged in unlawful activity. The United States Supreme Court established factors for evaluating anonymous tips in investigative stop circumstances. *Alabama v. White,* 110 S. Ct. 2412, 2416 (1990). The Court concluded that when details of the anonymous informant's predictions can be verified, there is reason to believe that the caller is honest and well-informed about the illegal activity. *Id.* at 2417. Our supreme court has held that when significant aspects of an anonymous tip are independently corroborated by the police, the inference arises that the anonymous informant is telling the truth. *Richardson,* 156 Wis. 2d at 142, 456 N.W.2d at 836.

In this case, the anonymous caller gave detailed information. The facts provided by the caller were personally corroborated by the police officer. There was a blue station wagon at the address the caller specified. A

676

man was driving the vehicle on the very street and in the direction stated by the informant. This meant that the anonymous caller had accurately predicted *future* behavior, which the Supreme Court has indicated contributes to the reliability of a tip. *White,* 110 S. Ct. at 2417. Thus, there was sufficient corroboration to permit the officer to infer that the caller was well informed about Krier's driver's license and that she was telling the truth when she alleged that Krier did not have a valid license. Under the totality of the circumstances known to the officer at that time, we conclude that the officer had reasonable and articulable suspicion that Krier was engaged in illegal activity.

The second issue is whether the officer had an articulable and reasonable suspicion of *criminal* activity. Krier claims that even if the tip was sufficient to produce suspicion of unlawful activity, it did not produce suspicion of a *crime.* Krier argues that the exception found in *Terry v. Ohio,* 392 U.S. 1 (1968), and in sec. 968.24, Stats., to the constitutional probable cause requirement permits an investigative stop when police have an articulable and reasonable suspicion of *criminal* activity. A "crime" is "conduct which is prohibited by state law and punishable by fine or imprisonment or both." Section 939.12, Stats. "Conduct punishable only by a forfeiture is not a crime." *Id.*

The action of driving without a license is a civil violation punishable only by a forfeiture if it is a first offense. Driving without a valid driver's license constitutes criminal conduct only when the license is revoked or suspended, and then only when it is a repeat offense. Section 343.44, Stats.

Krier argues that the most suspicion the anonymous tip could have raised in his case was suspicion that he was committing a civil violation since the officer did not

677

know until after the investigative stop that Krier had previously been convicted of driving after revocation. Thus, this stop was not authorized by sec. 968.24, Stats.

We hold that when a person's activity can constitute either a civil forfeiture or a crime, a police officer may validly perform an investigative stop pursuant to sec. 968.24, Stats. Suspicious activity justifying an investigative stop is, by its very nature, ambiguous. *State v. Jackson,* 147 Wis. 2d 824, 835, 434 N.W.2d 386, 391 (1989). Unlawful behavior may be present or it may not. The behavior may be innocent. Still, officers have the right to temporarily freeze the situation so as to investigate further. *Id.* Similarly, in a situation such as this, an officer may suspect that the person is engaged in criminal activity or the behavior may amount to no more than a forfeiture violation. Just as there is no prohibition for stopping because the behavior may end up being innocent, there is also no prohibition for stopping because the behavior may end up constituting a mere forfeiture.

Krier's argument would require police to have *knowledge* of criminal activity rather than mere *suspicion* of criminal activity before performing an investigative stop. Section 968.24, Stats., explicitly allows an investigative stop based on a reasonable suspicion. That statute is operative in this case because the police had an articulable and reasonable suspicion that he was engaged in an activity that *could* be criminal. That verb is all that is required here.

*By the Court.*—Judgment affirmed.