STATE of Wisconsin, Plaintiff-Appellant,

v.

Daniel R. VINCENT, Defendant-Respondent.

Court of Appeals

*No. 91-2749-CR. Submitted on briefs June 16, 1992.—Decided September 9, 1992.*

(Also reported in 490 N.W.2d 761.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Paul E. Bucher,* district attorney and *Lloyd V. Carter,* assistant district attorney.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Dudley A. Williams* and *Rex R. Anderegg* of *William A. Pangman & Associates, S.C.* of Waukesha.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J. The state appeals from an order of the circuit court suppressing the results of a breathalyzer test. The state claims that the court erred in finding that law enforcement personnel failed to provide the defendant with a reasonable opportunity to have an alternate blood test administered. Specifically, the state challenges the conclusion of the circuit court that the law enforcement agency acted unreasonably in refusing to transport the defendant to a hospital of his choice for a chemical blood test, where the hospital was in reasonable proximity to the agency. We reverse the order and remand to the trial court for a fact-finding hearing.

The defendant, Daniel R. Vincent, was stopped by state patrol trooper Michael Hoell on June 30, 1989 at 7:20 p.m. for suspicion of operating a motor vehicle while intoxicated. Vincent failed the field sobriety tests. He was then taken to the Wisconsin State Patrol district office where Trooper Hoell read Vincent his rights under the implied consent law, sec. 343.305(4) and (5), Stats.[1]

---

[1] The form which Trooper Hoell read to Vincent provides:

INFORMING THE ACCUSED

Vincent stated he understood those rights. At 8:06 p.m., Vincent agreed to take a breathalyzer test. The test registered 0.16 grams of alcohol in 210 liters of breath, well above the 0.10 limit prescribed by sec. 346.63(1)(b), Stats.

Vincent also chose to take an alternate blood test as allowed by sec. 343.305(5)(a), Stats. The agency's alternate test is a blood test performed at Waukesha Memorial Hospital. Vincent told Trooper Hoell that he wished to be tested at Community Memorial Hospital in Menomonee Falls. Trooper Hoell refused to take Vincent to Community Memorial Hospital and instead took him to Waukesha Memorial. Vincent would not allow a blood test to be performed at Waukesha Memorial. After an hour at Waukesha Memorial, Trooper Hoell took Vincent to the Waukesha County Jail. Vincent was released to his parents between 10:00 and 11:00 p.m., about three hours after the initial stop.

Vincent moved to suppress the breathalyzer results; the trial court granted the motion. The court held that Vincent's request to have the alternate chemical blood test done at Community Memorial Hospital should have been allowed under sec. 343.305(5)(a), Stats., which provides: "The person who submits to the test is permitted,

---

s. 343.305(4) Wis. Stats.

A law enforcement officer requesting a person to take one or more chemical tests under s. 343.305(2) Wis. Stats. (identified below) shall, at the time of the request and prior to administering any such test, inform the person:

. . ..

3. In addition to the test or tests to which you have submitted at the request of a law enforcement officer, you may request the alternate test the department is prepared to administer, or at your own expense, reasonable opportunity to have any qualified person of your own choosing administer a chemical test for the purpose specified under s. 343.305(2) Wis. Stats.

upon his or her request, the alternative test provided by the agency under sub. (2) or, at his or her own expense, *reasonable opportunity to have any qualified person of his or her own choosing administer a chemical test. . . .*" (Emphasis added.) The court held that Vincent's request was a reasonable one because of Community Memorial's proximity to the state patrol building. It concluded that the denial of the blood test precluded Vincent from obtaining evidence which could impeach the breathalyzer results; therefore, the proper remedy was to exclude those results. The state appeals from the order to suppress.

The state argues that the circuit court misapplied the implied consent law. The main issue on appeal is whether sec. 343.305, Stats., imposes an active duty upon the arresting agency to insure that the accused can obtain an alternate test at the accused's own expense. The interpretation of a statute presents a question of law which we review *de novo. State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984).

The circuit court held that the agency violated sec. 343.305(5)(a), Stats., because "[Vincent] did not request anything that was unreasonable." The state contends that the trooper was obligated only to give the defendant an *opportunity* to get his own additional test; the trooper had no duty imposed upon him or her to transport the defendant anywhere, even if the request were reasonable. We agree with the state's interpretation.

The implied consent law, sec. 343.305, Stats., allows intoxication to be tested by three means: breath, urine and blood. An arresting agency must at a minimum be prepared to perform two of the three tests at its own cost. Section 343.305(2). The statute also allows the agency to designate one of those two as its primary test. *Id.*

■

Nothing in the language of subsec. (2) of sec. 343.305, Stats., imposes a duty upon the agency to transport the accused to the site of the test facility chosen by the accused. This subsection requires the agency only to be ready to perform the primary and secondary tests.

The details of administering the tests are addressed in subsec. (5) of sec. 343.305, Stats. After being required to take the agency's primary test, the accused may then ask to take the agency's secondary test. If for any reason the accused does not want the agency's secondary test, the accused may choose and pay for his or her own test at an approved facility. Section 343.305(5)(a). The agency must provide a "reasonable opportunity" for the accused to obtain this test within the three-hour time limit from the time of the stop. *See* secs. 343.305(5)(a) and 885.235(1), Stats. Section 343.305(5)(a) also requires that "[t]he agency shall comply with a request made in accordance with this paragraph."

A careful reading of sec. 343.305(5)(a), Stats., shows that it requires the agency to provide a "reasonable opportunity" for the test; it does not require the agency to comply with a reasonable request. "Reasonable," as used in the statute, modifies the word "opportunity," not "request." The agency's responsibility to provide a "reasonable opportunity" is limited to *not frustrating* the accused's request for his or her own test. To require the agency to take an active part in obtaining a test of the accused's choosing could open the door for other responsibilities to be imposed upon the agency, such as insuring that the person or facility performing the test is qualified within the meaning of sec. 343.305(5)(b) or (6)(a). We do not believe the statute extends the responsibility of the agency this far.

The agency's responsibility to not frustrate the accused's request for his or her own test merely requires the agency to make the accused available to obtain his or her own test. Section 885.235, Stats., restricts the admissibility in court of chemical intoxication tests to those performed within three hours of the incident. Therefore, the agency's responsibilities include the prompt processing of the accused so that he or she has an opportunity to seek and obtain an alternative test within three hours, if the accused requests his or her own test.

This is not to say the accused must be released within three hours of the incident in all circumstances when an alternate test is requested. If there is no responsible person to whom the accused can be released and the accused's blood alcohol level has not fallen below 0.04%, the accused may not be released pursuant to sec. 345.24, Stats. In these circumstances it is not the agency which has frustrated the accused's attempt to obtain the alternate test, but the accused's own failure to find a responsible adult to whom he or she can be released within the three-hour period.

Because the trial court misinterpreted the implied consent law, the facts brought out at the suppression hearing are unclear as to whether the agency frustrated Vincent's request for his own test and thus whether Vincent had a "reasonable opportunity" to obtain his own test. If an accused is denied a statutory right to discover evidence relating to a chemical test, the proper sanction is suppression of the test results. *State v. Renard,* 123 Wis. 2d 458, 461, 367 N.W.2d 237, 239 (Ct. App. 1985). As it cannot be determined from the record if Vincent's statutory rights were violated, we reverse the trial court's order to suppress the evidence and remand with direc-

tions to conduct another fact-finding hearing on this issue.

*By the Court.*—Order reversed and cause remanded with directions.