State of Wisconsin, Plaintiff-Respondent,
v.
Jeffery R. Janda, Defendant-Appellant.
No. 04-2315-CR.
Court of Appeals of Wisconsin.
Opinion Filed: January 11, 2005.
¶1 FINE, J.
Jeffery R. Janda appeals from a judgment entered on his no-contest plea convicting him of operating an automobile while under the influence of an intoxicant. See WIS. STAT. § 346.63(1)(a). He contends that the trial court erroneously denied his suppression motion.[1] We affirm.

I.
¶2 At approximately two a.m. on Friday, March 15, 2002, Oak Creek Police Officer Thomas Loontzyens arrested Janda for drunk driving. Janda sought to suppress evidence of his intoxication, arguing, inter alia, that Loontzyens stopped him for no reason. This is the only contention he asserts on appeal.
¶3 The trial court held an evidentiary hearing on Janda's motion. Loontzyens testified that he stopped Janda because, when he clocked Janda's car with radar because it looked like the car was speeding, the radar indicated that Janda was driving at forty-eight miles per hour, even though the speed limit was forty miles per hour. Loontzyens told the trial court that when he got behind Janda's car to "pace" it, Janda slowed to forty-two miles per hour. The officer also testified that he noticed that one of the taillights on the passenger side of Janda's car seemed to be "defective."
¶4 Janda denied that he was going forty-eight miles per hour, and told the trial court: "I was doing forty-two maybe, forty-three, you know, around that." Janda also denied that there was anything wrong with the taillight, and, in support, proffered a March 16, 2002, report from a private garage reflecting that. Recognizing that the report was hearsay, the trial court received it only insofar as "[i]t goes to the credibility issue," and not for "the truth of the matter." See WIS. STAT. RULE 908.01(3). Lawrence Hince, Janda's friend for twenty years, also supported Janda's contention that there was nothing wrong with the taillights, testifying that they were working when he looked at them on March 16. He later bought Janda's car and gave it to a charity.
¶5 The trial court ruled that the officer lawfully stopped Janda because the officer reasonably believed that Janda was speeding. It declined to rule on the taillight issue, speculating that it could have been working intermittently. Janda claims on appeal that there was insufficient evidence to support the trial court's ruling.

II.
¶6 Janda does not dispute that a police officer may lawfully stop a driver whom the officer reasonably suspects is speeding. A trial court's findings of fact made after an evidentiary hearing will not be reversed unless they are "clearly erroneous." See WIS. STAT. RULE 805.17(2) (made applicable to criminal proceedings by WIS. STAT . § 972.11(1)); see also State v. Angiolo, 186 Wis. 2d 488, 494-495, 520 N.W.2d 923, 927 (Ct. App. 1994). We decide de novo whether, given those findings, a stop was lawful. State v. Krier, 165 Wis. 2d 673, 676, 478 N.W.2d 63, 65 (Ct. App. 1991). We give substantial deference to the trial court's assessment of the evidence when that assessment is based on the trial court's perception of the witnesses' credibility. Angiolo, 186 Wis. 2d at 495, 520 N.W.2d at 927.
¶7 The trial court believed Loontzyens's testimony that Janda was speeding. Although that should end the matter, Janda contends that the trial court ignored the taillight evidence, which, he argues, shows that Loontzyens was lying about the whole episode. Janda, however, misreads the trial court's analysis; the trial court recognized that there was an interval between the two a.m. stop and when Hince and the others later looked at the taillight's operation. It also recognized that, occasionally, electrical circuits flicker in and out, and declined to find that anyone was lying: "Could there have been moisture? Could the bulb have been loose or just not properly functioning at that moment in time? I believe that's possible." Just as this analysis would have been permissible for a jury, see Cramer v. Theda Clark Memorial Hospital, 45 Wis. 2d 147, 153, 172 N.W.2d 427, 430 (1969), it was permissible for the trial court sitting as a fact-finder.
¶8 In sum, the trial court credited Loontzyens's testimony that Janda was speeding. Janda has not, by any stretch of the imagination, shown how that finding was clearly erroneous. Accordingly, we affirm.
By the Court.  Judgment affirmed.
NOTES
[1] A defendant may appeal from an order denying a motion to suppress evidence even though the judgment of conviction rests on a guilty or no-contest plea. See WIS. STAT. § 971.31(10).