State of Wisconsin, Plaintiff-Appellant,
v.
Adam J. Soltis, Defendant-Respondent.
No. 04-2210-CR.
Court of Appeals of Wisconsin.
Opinion Filed: February 23, 2005.
¶1 PETERSON, J.[1]
The State appeals an order suppressing the results of a chemical test after Adam Soltis was arrested for operating a motor vehicle while intoxicated (OWI). The State argues the court erroneously concluded that Soltis adequately invoked his right to a second or alternate chemical test under WIS. STAT. § 343.305(5)(a). We disagree and affirm the order.

BACKGROUND
¶2 On November 29, 2003, Deputy Travis Mayer responded to a complaint that there were possibly two intoxicated drivers on the road. Mayer saw two vehicles on Highway 8. Mayer stopped one of the vehicles and identified Soltis as the driver. Soltis was ultimately arrested for OWI.
¶3 At the sheriff's department, Soltis agreed to submit to a breath test. However, when he attempted the test, the machine malfunctioned and Mayer requested Soltis submit to a blood test at the hospital. Soltis testified he responded that he would rather take a breath test. Soltis stated that Mayer told him the machine was broken and nothing could be done about it. Soltis submitted to the blood test. Soltis did not recall whether he requested a breath test after the blood test was completed. Mayer testified that Soltis never requested any particular testing method or an additional test. Another deputy, Thomas Olynick, testified he also did not recall Soltis requesting an alternate test.
¶4 Soltis was charged with OWI and driving with a prohibited alcohol concentration, both as a second offense. Soltis filed a motion to suppress evidence resulting from the blood test because he argued he was denied an alternate test. The court found that Soltis told Mayer he would prefer to take a breath test. The court concluded that the statement was sufficient to trigger his right to an alternate or second test under the statute and ordered the blood test result suppressed.

DISCUSSION
¶5 When reviewing a trial court's ruling on a motion to suppress, this court will uphold the trial court's findings of fact unless they are clearly erroneous. State v. Eckert, 203 Wis. 2d 497, 518, 553 N.W.2d 539 (Ct. App. 1996). As long as the facts could be reached by a reasonable factfinder based upon the evidence presented, a reviewing court is required to accept them. Lellman v. Mott, 204 Wis. 2d 166, 170-71, 554 N.W.2d 525 (Ct. App. 1996). The credibility of witnesses and the weight to be attached to their testimony is for the trier of fact, not the appellate court, to determine. See id. at 172. However, the application of constitutional and statutory principles to these facts is a question of law this court reviews independently. State v. Krier, 165 Wis. 2d 673, 676, 478 N.W.2d 63 (Ct. App. 1991).
¶6 WISCONSIN STAT. § 343.305(3)(a) states:
Upon arrest of a person for violation of s. 346.63 (1), (2m) or (5) or a local ordinance in conformity therewith, or for a violation of s. 346.63 (2) or (6) or 940.25, or s. 940.09 where the offense involved the use of a vehicle, a law enforcement officer may request the person to provide one or more samples of his or her breath, blood or urine for the purpose specified under sub. (2). Compliance with a request for one type of sample does not bar a subsequent request for a different type of sample.
Furthermore, WIS. STAT. § 343.305(5)(a) provides:
If the person submits to a test under this section, the officer shall direct the administering of the test. A blood test is subject to par. (b). The person who submits to the test is permitted, upon his or her request, the alternative test provided by the agency under sub. (2) or, at his or her own expense, reasonable opportunity to have any qualified person of his or her own choosing administer a chemical test for the purpose specified under sub. (2).
¶7 The State argues that Soltis' statement that he would rather have a breath test was not sufficient to invoke his right to an alternate test. It contends:
At no point in the process at the Rusk County Sheriff's department did Adam Soltis unequivocally request any chemical test in addition to the blood test that Deputy Mayer told him he intended to perform. Adam Soltis only tried to affect the officer's decision that the primary test in this case would be blood.
Soltis responds by relying on State v. Renard, 123 Wis. 2d 458, 460, 367 N.W.2d 237 (Ct. App. 1985), where we affirmed a suppression order under very similar facts. Soltis does not reply or address Renard.[2]
¶8 In Renard, the arresting officer asked for a blood sample. Renard requested a breath test instead. However, the officer persuaded Renard to submit to the blood test. The circuit court concluded Renard requested a breath test in addition to the blood test, and therefore the police had a duty to perform the additional test. Id. at 460-61.[3]
¶9 Similarly here, the circuit court concluded that Soltis' statement that he would rather take a breath test was the functional equivalent of a request for an alternate test. Once Soltis requested the alternate test, the police had a duty to administer it. See id. at 460. Suppression of the blood test is the appropriate remedy. Id. at 461.
By the Court.  Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] The State filed a motion to extend the time to file a reply brief, which was granted. However, the State did not file a reply brief and therefore did not address Renard. Arguments not refuted are deemed accepted. Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp., 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).
[3] Renard claimed he continued to request a breath test after consenting to the blood test. State v. Renard, 123 Wis. 2d 458, 460, 367 N.W.2d 237 (Ct. App. 1985). The circuit court did not make a finding whether Renard in fact continued to request a breath test.