## COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 21, 2019

Sheila T. Reiff
Clerk of Court of Appeals

### NOTICE

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP610-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2017CT301**

**IN COURT OF APPEALS**
**DISTRICT II**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

ROBERT L. KAVALAUSKAS,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Winnebago County: THERESA S. BASILIERE, Judge. *Affirmed*.

¶1 REILLY, P.J.[1] Robert L. Kavalauskas appeals from a judgment of conviction for operating a vehicle while intoxicated, second offense (OWI 2nd),

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

contrary to WIS. STAT. § 346.63(1)(a). Kavalauskas argues that the officer lacked reasonable suspicion to detain him. We disagree and affirm.

¶2    The facts are largely undisputed. On April 1, 2017, at approximately 2:00 a.m., a police officer performed a traffic stop on Kavalauskas. The officer testified that he was following Kavalauskas' vehicle when he observed the vehicle enter four separate roundabout intersections and switch from the right lane to the center lane and back without signaling a lane change. The officer explained that "[b]asically instead of staying in the lane to go all around and going back in, [Kavalauskas] entered the roundabout, cut straight through, and then came back into the right lane" all along "disregarding the traffic markings and the curvature of the roundabouts."

¶3    When the officer made contact with Kavalauskas, he noted an odor of intoxicants coming from him as well as glassy eyes. Kavalauskas told the officer that he was coming from a pool tournament and that he had two or three drinks. After further investigation, Kavalauskas was cited for OWI. Kavalauskas filed a motion to suppress evidence, arguing that the officer did not have reasonable suspicion to conduct a traffic stop, which the circuit court denied. Kavalauskas pled no contest to OWI 2nd and now appeals.

¶4    We will uphold a circuit court's factual findings unless they are clearly erroneous. *State v. Richardson*, 156 Wis. 2d 128, 137, 456 N.W.2d 830 (1990). Whether an investigatory stop withstands constitutional muster is a question of law we review independently. *State v. Krier*, 165 Wis. 2d 673, 676, 478 N.W.2d 63 (Ct. App. 1991).

¶5    A law enforcement officer may "conduct a traffic stop when, under the totality of the circumstances, he or she has grounds to reasonably suspect that a

crime or traffic violation has been or will be committed." ***State v. Popke***, 2009 WI 37, ¶23, 317 Wis. 2d 118, 765 N.W.2d 569; ***State v. Post***, 2007 WI 60, ¶10, 301 Wis. 2d 1, 733 N.W.2d 634. The officer, "in light of his or her training and experience," "'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' the intrusion of the stop." ***Post***, 301 Wis. 2d 1, ¶¶10, 13 (citation omitted). "[P]olice officers are not required to rule out the possibility of innocent behavior before initiating a brief stop," ***State v. Waldner***, 206 Wis. 2d 51, 59, 556 N.W.2d 681 (1996), and "a driver's actions need not be erratic, unsafe, or illegal to give rise to reasonable suspicion," ***Post***, 301 Wis. 2d 1, ¶24.

¶6    In this case, Kavalauskas' deviations from his lane of traffic—where he "was driving in both lanes and sometimes in the middle of the lane"—in the roundabouts on four separate occasions within a short distance early on a Saturday morning at 2 a.m., constitute specific and articulable facts that suggest impairment and from which a reasonable officer could infer that something unlawful might be afoot warranting a brief investigatory stop.[2] *Cf.* ***id.*** ("We therefore determine that a driver's actions need not be erratic, unsafe, or illegal to give rise to reasonable

---

[2] Kavalauskas argues that his failure to signal his lane change did not violate the traffic code under WIS. STAT. § 346.34 ("Turning movements and required signals on turning and stopping") or WIS. STAT. § 346.13(1) ("Driving on roadways laned for traffic") as "[t]here was no other traffic upon the roadway which would have been affected by Mr. Kavalauskas' lane changes." Although we note that the officer's vehicle was obviously on the roadway behind Kavalauskas' vehicle, we also recognize that reasonable suspicion to conduct an investigatory stop may by present even where the officer did not observe the driver violate any law. ***State v. Anagnos***, 2012 WI 64, ¶47, 341 Wis. 2d 576, 815 N.W.2d 675. Further, the Wisconsin Department of Transportation website indicates clearly that within a roundabout vehicle operators should "[k]eep your speed low and stay in your lane within the roundabout (do not change lanes within the roundabout)." *Roundabouts—How roundabouts work*, WIS. DOT, https://wisconsindot.gov/Pages/safety/safety-eng/roundabouts/works.aspx (last visited August 15, 2019).

suspicion."); *see also **State v. Lange***, 2009 WI 49, ¶32, 317 Wis. 2d 383, 766 N.W.2d 551 (noting that time of night is relevant and it is common knowledge that overconsumption of alcohol occurs more frequently on Friday and Saturday nights). Following this lawful stop, the officer's additional observations of the odor of intoxicants, glassy eyes, Kavalauskas' admission that he had been drinking, and further investigation provided the officer with probable cause to arrest Kavalauskas for OWI.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.